Eliza Schaeffer, widow of Emanuel Schaeffer, Mary E. Herr, Margaret L. Levergood, Emanuel W. Schaeffer and Dr. John W. Levergood, Trustee of Emily R. Mc-Neal to the use of Catharine H. Long, W. H. Roland and Charles L. Schaeffer *v.* Edwin M. Schaeffer and B. Frank Eshleman, terre-tenant, Appellant.

[Marked to be reported.]

*Mortgagor and mortgagee—Partition—Bonds—Affidavit of defense.*

In partition proceedings, a son gave a mortgage on real estate allotted to him, to secure the payment of five bonds, one in the penal sum of $1,000, conditioned for the payment of $240 annually to the widow during life, and the others for the payment of $800 to each one of decedent's other four children respectively, upon the decease of the widow. The son who gave the mortgage did not name himself as a mortgagee, and did not reserve to himself any interest in the mortgage. After the death of the widow a scire facias was issued on the mortgage, and an affidavit of defense was filed, in which it was averred that the son who had given the mortgage " never had any interest as a mortgagee in the said mortgage, either in law or in fact, but on the contrary he was the mortgagor therein ; that he neither created nor reserved for himself any interest or share therein at the time of the execution of said mortgage." *Held*, that the affidavit of defense was sufficient to prevent judgment in favor of a plaintiff who claimed an interest in the mortgage as assignee of the son who gave the mortgage.

Argued May 18, 1897. Appeal, No. 530, Jan. T., 1896, by B. Frank Eshleman, from order of C. P. Lancaster Co., Aug. T., 1895, No. 70, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before Sterrett, C. J., Green, Williams, McCollum, Dean and Fell, JJ. Reversed.

Scire facias sur mortgage.

Plaintiffs' statement was as follows :

The above action is brought on a certain mortgage, recorded in the recorder's office in said county, in mortgage book No. 17, at page 635, etc., to recover the amount due thereon to the plaintiffs. The said mortgage was given March 22, A. D. 1866, by Edwin M. Schaeffer to Eliza Schaeffer, Mary E. Herr, Margaret L. Levergood, Emanuel W. Schaeffer and Dr. John W. Levergood, trustee of Emily R. McNeal. The premises de-

scribed in said mortgage were accepted by Edwin M. Schaeffer, under proceedings in partition, as directed in the will of said Emanuel Schaeffer, deceased, and were charged with the said mortgage of $4,000, in pursuance and by virtue of a certain marriage agreement, made on July 3, A. D. 1860, between said Emanuel Schaeffer and Eliza Winebrenner, which marriage agreement is recorded in the recorder's office in and for Lancaster county, in record book G., vol. 9, page 320, etc. The provisions of said mortgage are as follows:

" Whereas, the said Edwin M. Schaeffer in and by five obligations or writings obligatory under his hand and seal duly executed, all bearing even date herewith, stands bound in one of said obligations unto said Eliza Schaeffer, in the sum of one thousand dollars, conditioned for the payment of the sum of two hundred and forty dollars, on April 1, 1867, and thereafter the sum of two hundred and forty dollars, on the first day of April in each and every year, annually and consecutively during her natural life; in another of said obligations, unto said Mary E. Herr; in another to the said Margaret L. Levergood; in another to the said Emanuel W. Schaeffer, and in the other unto the said Dr. John Levergood, trustee, as aforesaid; in each of said obligations in the sum of sixteen hundred dollars, and each conditioned for the payment of the sum of eight hundred dollars, at the decease of Eliza Schaeffer, widow of Emanuel Schaeffer, late of the city of Lancaster, aforesaid, deceased, without any fraud or further delay, as in and by the said five recited obligations and the conditions thereof, relation being thereunto had may more fully and at large appear."

Three of said bonds, together with three fifths of said mortgage, were assigned to Catharine H. Long, on March 16, 1892. One of said bonds, together with one fifth of said mortgage, was assigned to W. H. Roland, on July 7, 1890, and the other one fifth interest in said mortgage was assigned to Charles L. Schaeffer on May 27, 1881, as recorded in the recorder's office in and for said county, in record book L., vol. 12, page 229, etc. The said Edwin M. Schaeffer, by indenture bearing date July 3, 1871, recorded in book B., vol. 10, at page 528, etc., conveyed the premises on which said mortgage is a lien to Mary T. E. Hiester, "subject nevertheless and charged with the said mortgage of $4,000." The said Edwin M. Schaeffer sold the

real estate described in said deed to the said Mary T. E. Hiester, at and for the sum of $20,000. He received but $16,000 of the purchase money. The sum of $4,000 was withheld as the sum sufficient to pay the annual sum of $240 as provided in the said mortgage, and the above stated marriage agreement. The said annuity when capitalized being equal to $4,000. After the death of the said Mary T. E. Hiester, the said premises became vested in said B. Frank Eshleman, as present owner and terre-tenant. The said B. Frank Eshleman accepted the said premises in proceedings in partition on the real estate of Mary T. E. Levis, née Hiester, being purpart No. 5, at $1,200, and subject to the payment of said mortgage of $4,000, vide partition docket No. 2, page 307, etc., of the court of common pleas of Lancaster county. The said Eliza Schaeffer died on March 29, A. D. 1890. The said mortgage of $4,000, representing that much of the estate of Emanuel Schaeffer, late of the city of Lancaster, deceased, who, by his last will and testament, proved on November 19, 1864, divided his estate equally between his five children, to wit: Edwin M. Schaeffer, Emanuel W. Schaeffer, Mary E. Herr, Margaret L. Levergood and Emily R. Schaeffer, subsequently married to H. B. McNeal.

The plaintiffs aver that there is now due by said B. Frank Eshleman, as terre-tenant and present owner of said premises, on said mortgage in suit, the sum of $4,000, with interest as follows : to Catharine H. Long, the sum of $2,400, with interest from April 1, 1895; to W. H. Roland, the sum of $800, with interest from April 1, 1895 ; to Charles L. Schaeffer, the sum of $800, with interest from March 26, 1890.

The affidavit of defense was as follows :

B. Frank Eshleman, terre-tenant above named, being duly sworn according to law, doth depose and say that he hath a just and legal defense to the whole of Christian L. Schaeffer's, one of the plaintiffs, demand, in the above suit, the nature and character of which is as follows, viz : the said mortgage referred to in plaintiffs' statement, to wit : mortgage recorded in the recorder's office of Lancaster county, in mortgage book No. 17, at page 635, was given to secure the payment of five bonds or obligations as follows, to wit : one to Eliza Schaeffer in the sum of $1,000, " conditioned for the payment of the sum of two hundred and forty dollars on the first day of April, 1867, and there-

after the sum of two hundred and forty dollars on the first day
of April in each and every year annually and consecutively dur-
ing her natural life; " one to Mary E. Herr, one to Margaret E.
Levergood, one to Emanuel W. Schaeffer, and one to Dr. John
Levergood, trustee of Emily R. McNeal, each in the sum of
$1,600, and each conditioned to pay the sum of $800 at the
decease of Eliza Schaeffer, widow of Emanuel Schaeffer.  Eliza
Schaeffer died on March 30, A. D. 1890, and all the money due
her by reason of the bond given to and held by her was paid,
and therefore all liability for or on account of said bond so held
by her, ceased; that the remaining four bonds are unpaid, and
three of the said bonds are held by Catharine H. Long and one
of the said bonds is held by W. H. Roland, to whom they were
assigned by the several owners.  Edwin M. Schaeffer, the
assignor of Charles L. Schaeffer, never had any interest as a
mortgagee in said mortgage either in law or in fact, but, on the
contrary, was the mortgagor mentioned therein; he neither
created nor reserved for himself any interest or share therein
at the time of the execution by him of the said mortgage.

Further, he, said Edwin M. Schaeffer, by indenture dated
July 3, 1871, recorded in book B, vol. 10, at page 528, etc., con-
conveyed the premises on which said mortgage is a lien to
Mary T. E. Hiester, her heirs and assigns, and after the death
of the said Mary T. E. Hiester the said premises became vested
in her deponent, by which conveyance he, the said Edwin M.
Schaeffer, parted with all his right, title, in and to the premises
bound by the said mortgage, and also with any share or inter-
est he might have had in said mortgage as one of the legatees
mentioned in the last will and testament of Emanuel Schaeffer,
deceased, or of any interest he might have had in the said mort-
gage representing the amount of dower money payable at the
death of the said Eliza Schaeffer, all of which your deponent
believes and expects to be able to prove on the trial of the case.

The court made absolute a rule for judgment for want of a
sufficient affidavit of defense and entered judgment against
B. F. Eshleman, the terre-tenant, for the sum of $4,386.56,
$1,111 of which to the use of Charles L. Schaeffer, $818.89 to
the use of Wm. H. Roland, $2,456.67 to the use of Catharine H.
Long.

*Error assigned* was above stated order.

*J. Hay Brown* and *W. T. Brown*, with them *W. U. Hensel*, for appellant.—Upon payment of the four bonds of $800 each, together with interest due thereon, the appellant would be entitled to have the mortgage satisfied of record. How then can Charles L. Schaeffer issue a writ of scire facias on said mortgage and recover judgment thereon, no bond ever having been given to his assignor, and no interest in the mortgage ever having been created for or reserved to him. The sum of $4,000, it is true, was the amount, upon which the interest at six per cent, amounting to $240, was to be paid to Eliza Schaeffer annually, and to secure these annual payments the bond for $1,000 was executed, but when all liability on this bond ended, the mortgage was only a collateral security for the payment of the four bonds of $800 each. Nowhere in the mortgage do we find the amount of $4,000 mentioned. No definite amount is anywhere specified, but it simply recites that it is given " in consideration of the aforesaid debt or sums of $240 annually and four sums of $800 each, and for the better securing the payment of the same."

*W. H. Roland* with him *Wm. R. Wilson*, for appellee, cited : Dreisbach v. Gluck, 47 Pa. 403 ; Carrow v. Headley, 155 Pa. 96 ; Moore v. Harrisburg Bank, 8 Watts, 138 ; Helmbold v. Man, 4 Wharton, 410.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 11, 1897 :
This scire facias is on a mortgage given by Edwin M. Schaeffer to Eliza Schaeffer, widow of Emanuel Schaeffer, deceased, to secure the payment of five obligations (one in favor of each of said mortgagees), viz: One in the penal sum of $1,000 conditioned for the payment of $240 annually to said widow, during her natural life, and the others each in the penal sum of $1,600 conditioned for the payment of $800 to each of said children, respectively, upon the decease of said widow. After specifically reciting the annuity of $240 to the widow and $800 to each of said four children, as the consideration of the mortgage, etc., that instrument contains the usual defeasance clause to the effect that, upon the payment of the sums thus secured,

the said mortgage, as well "as the said five recited obligations, shall become void and of no effect," etc. The first mentioned obligation accordingly became "void and of no effect" by payment in full of said annuity to the widow to the date of her decease.

In their statements the plaintiffs aver among other things that the mortgage represents $4,000 of the estate of Emanuel Schaeffer which, by his will, he divided equally among his five children, of whom Edwin M., the mortgagor, was one, and that his interest is claimed by his assignee, Charles L. Schaeffer, one of the equitable plaintiffs; but this averment derives no support whatever from the mortgage in suit. It discloses no interest thereunder in either the mortgagor or his assignee. The only mortgage debt that remained, after payment in full of the annuity to the widow, was the $800 to each of said four children, aggregating the sum of $3,200, with interest from that date. These claims, as we understand, are not disputed by the terre-tenant, appellant, but that of Edwin M. Schaeffer is denied; and we fail to find in the instrument sued on anything upon which he or his assignee can possibly base any claim against the terre-tenant, who became such by purchase of the mortgaged premises subject to the mortgage only, and so far as appears without notice of any other claim than those specified therein. In his affidavit of defense, the terre-tenant distinctly avers, "That Edwin M. Schaeffer never had any interest as a mortgagee in said mortgage, either in law or in fact, but, on the contrary, he was the mortgagor therein, that he neither created nor reserved for himself any interest or share therein at the time of the execution of said mortgage." In the face of this averment, and in the absence of anything in the mortgage itself on which to base any claim in favor of Edwin M. Schaeffer, it is impossible to sustain the court below in holding that the affidavit of defense was not sufficient to prevent judgment for the full amount claimed by the plaintiffs.

The conveyances in the terre-tenant's chain of title "subject to the mortgage" gave him no notice of anything not set forth in the mortgage. As we have seen, all that the latter—including the bonds therein recited—provided for was the payment of the annuity to the widow, and upon her decease, $800 to each of the four children. On the payment of these sums, the mort-

gage, as well as the obligations recited therein, were, in the language of the former, to become " void and of no effect." The claim set up by the plaintiffs for the additional sum of $800 is in conflict with the plain terms of the written instrument. As clearly appears, it contains no intimation of any such claim or interest in Edwin M. Schaeffer as is asserted in plaintiff's statement; nor is it averred that the terre-tenant had any notice of such claim prior to his purchase of the mortgaged premises. It is not even suggested that any such provision in favor of the mortgagor was omitted from that instrument by accident or mistake, and hence no effort has been made to reform the instrument on which the scire facias was issued. Nothing can be recovered in this proceeding except so much of the several sums secured thereby as remains unpaid. The $800 sought to be recovered to the use of Edwin M. Shaeffer's assignee is clearly not one of them. The court below therefore erred in embracing that sum with interest in the judgment.

Judgment reversed and procedendo awarded.